# Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LOYAL SOURCE GOVERNMENT SERVICES, LLC., a Florida Limited Liability Company; and DOES 1-50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MONIQUE PEMBRICK, on behalf of herself and all others similarly situated,

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/14/2024** at 11:21:22 AM

Clerk of the Superior Court
By Danielle Cortez,Deputy Clerk

</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):* Hall of Justice

330 West Broadway, San Diego, California 92101

</td><td>

**CASE NUMBER:**
*(Número del Caso):*

37-2024-00022267-CU-OE-CTL

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mehrdad Bokhour, Esq. (SBN: 285256); 1901 Avenue of the Stars, Suite 450, LA, CA 90067; (310) 975-1493

| DATE:<br>*(Fecha)* 05/15/2024 | Clerk, by<br>*(Secretario)* D. Cortez | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
Superior Court of California
County of San Diego

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**BOKHOUR LAW GROUP, P.C.**
Mehrdad Bokhour, Esq., CA Bar No. 285256
*mehrdad@bokhourlaw.com*
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Tel: (310) 975-1493; Fax: (310) 675-0861

**FALAKASSA LAW, P.C.**
Joshua S. Falakassa, CA Bar No. 295045
*josh@falakassalaw.com*
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Tel: (818) 456-6168; Fax: (888) 505-0868

Attorneys for Plaintiff and the Putative Classes

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/14/2024** at 11:21:22 AM

Clerk of the Superior Court
By Danielle Cortez,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| MONIQUE PEMBRICK, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>LOYAL SOURCE GOVERNMENT SERVICES, LLC., a Florida Limited Liability Company; and DOES 1-50, inclusive.<br><br>        Defendants. | CASE NO.: 37-2024-00022267-CU-OE-CTL<br><br>**CLASS ACTION COMPLAINT:**<br><br>(1)  FAILURE TO PAY ALL MINIMUM WAGES;<br><br>(2)  FAILURE TO PAY ALL OVERTIME WAGES;<br><br>(3)  MEAL PERIOD VIOLATIONS;<br><br>(4)  REST PERIOD VIOLATIONS;<br><br>(5)  FAILURE TO PAY ALL SICK TIME;<br><br>(6)  WAGE STATEMENT VIOLATIONS;<br><br>(7)  WAITING TIME PENALTIES;<br><br>(8)  FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES; &<br><br>(9)  UNFAIR COMPETITION<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

1    Plaintiff Monique Pembrick ("Plaintiff"), on behalf of herself and all other similarly situated
2  non-exempt employees, alleges and complains of Defendant Loyal Source Government Services,
3  LLC. ("Defendant") and DOES 1 to 50 (collectively, "Defendants") and each of them, as follows:

4                                          **INTRODUCTION**

5    1.    Defendant is a staffing and recruiting company specializing in healthcare, technical and
6  support services, engineering, and travel industries.

7    2.    Plaintiff brings this class action lawsuit against Defendant for alleged violations of the
8  California Labor Code and Business and Professions Code.

9    3.    As set forth below, Plaintiff alleges that Defendant failed to record and pay for all hours
10  properly worked due to its unlawful rounding/time editing policy/practice. Plaintiff further alleges
11  that Defendant failed to pay all overtime and sick pay compensation at the proper legal rates by failing
12  to calculate the "regular rate of pay" properly. Moreover, Plaintiff alleges that Defendant's meal and
13  rest period policies and practices failed to allow and permit non-exempt employees to take all
14  compliant and timely meal and rest periods or pay premium wages at the "regular rate of pay" in lieu
15  thereof. Plaintiff further alleges that Defendant failed to provide non-exempt employees with accurate
16  written itemized wage statements in violation of Labor Code § 226(a), failed to reimburse all
17  necessary business expenses incurred, and failed to timely pay all final wages upon separation of
18  employment in violation of Labor Code §§ 201-203.

19    4.    Based on these alleged Labor Code violations, Plaintiff now brings this class action
20  and representative action to recover unpaid wages, restitution, penalties, and other related relief for
21  herself and all other similarly situated non-exempt employees.

22                                  **JURISDICTION AND VENUE**

23    5.    Plaintiff, on behalf of herself and all other similarly situated employees hereby brings
24  this class action for recovery of unpaid wages and penalties under California Labor Code §§ 201-
25  204, 210, 226(a), 226(a)(6), 226(e), 226.3, 226.7, 227.3, 246, 510, 512, 516, 1194, 1197.1, 1199,
26  2802-2804, and applicable Industrial Welfare Commission Wage Orders ("Wage Orders"), in
27  addition to seeking declaratory relief and restitution pursuant to California Business and Professions
28  Code § 17200, *et seq.*

                              **CLASS ACTION COMPLAINT**

6.     This class action is brought pursuant to California Code of Civil Procedure § 382.

7.     This Court has jurisdiction over Defendant's violations of the California Labor Code and applicable Wage Orders because the amount in controversy exceeds this Court's jurisdictional minimum.

8.     Venue is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5, Defendant operates in California within the County of San Diego, and Defendant is within the jurisdiction of this Court for purposes of service of process.

## PARTIES

9.     At all relevant times herein, Plaintiff, who is over 18, was and currently is a California resident residing in the State of California.

10.     Plaintiff is informed and believes and alleges that Defendants are authorized to do business within the County of San Diego and is and/or was the legal employer of Plaintiff and the Class Members during the applicable statutory periods. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein and has been deprived of the rights guaranteed to her by California Labor Code §§ 201-203, 204, 210, 226, 226(a), 226(e), 226.3, 226.7, 227.3, 246, 510, 512, 516, 1194, 1197.1, 1199, 2802-2804, and the California Business and Professions Code § 17200 *et seq.*, and applicable Wage Orders.

11.     Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and continue to do) business in the State of California, County of San Diego.

12.     Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the Defendants sued herein as DOES 1 to 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed, and believes, and thereon alleges, that each of said fictitious Defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes to be subject to the unlawful employment practices alleged herein.

**CLASS ACTION COMPLAINT**

13.     Plaintiff is informed, and believes, and thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff and all members of the Classes. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants. Furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

14.     At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all members of the Classes.

## COMMON FACTUAL ALLEGATIONS

15.     Defendant is a staffing and recruiting company specializing in healthcare, technical and support services, engineering, and travel industries.

16.     Plaintiff was employed by Defendant as a non-exempt employee with the title of "CNA/Support Staff" beginning on August 22, 2022, until the present. Plaintiff and other non-exempt employees (including, but not limited to, Emergency Medical Technician, Embedded Security Technician, Installation Foreman, Paramedic, Hazardous Material Coordinator, System Administrator, and all other non-exempt positions) were responsible for all aspects of Defendant's business in California. However, in these roles, Plaintiff and non-exempt employees were often not afforded all protections and rights conferred under the California Labor Code and applicable wage orders.

17.     At all relevant times, Plaintiff and other non-exempt employees regularly worked various shifts, many of which were more than 8.0 hours in a workday and 40.0 hours in a workweek. Plaintiff alleges that other non-exempt employees were also subjected to the same policies, procedures, practices, working conditions, and corresponding wage and hour violations to which she

**CLASS ACTION COMPLAINT**

1    was subjected during her employment.

2        18.    First, at all relevant times, Defendant has consistently failed to accurately record all

3    time worked, including time under which non-exempt employees were under the employer's control.

4    This included a policy and practice of unevenly rounding and editing Plaintiff and other non-exempt

5    employees' time entries. As a result of these company-wide policies/practices, Plaintiff and other

6    non-exempt employees are not compensated for all the hours that they work and all of the overtime

7    hours they work, in violation of Labor Code §§ 204, 210, 510, 1194, 1197.1, 1199, and applicable

8    Wage Orders.

9        19.    California courts have held that rounding time policies can be lawful "if the rounding

10   policy is fair and neutral on its face and 'it is used in such a manner that it will not result, over a

11   period of time, in failure to compensate the employees properly for all the time they have actually

12   worked. *See's Candy Shops v. Superior Court* (2012) 210 Cal.App.4th 889, 907 (29 C.F.R. § 785.48;

13   see DLSE Manual, supra, §§ 47.1, 47.2.)."

14       20.    Here, Defendant's rounding time policy/practices are not neutral on its face or in its

15   application as Plaintiff and other non-exempt employees are subject to discipline, including

16   termination for being tardy in reporting to work or returning from a meal period. Moreover, because

17   Defendant can easily track the time worked by non-exempt employees to the minute, the policy exists

18   not for the convenience or benefit of the employees who are trying to report their time on timecards

19   or otherwise, but for Defendant's benefit.

20       21.    As a result, over a period of time, Plaintiff and other non-exempt employees were not

21   adequately paid for all hours worked in violation of Cal. Labor Code §§ 204, 210, 1194, 1197.1, 1199,

22   and applicable Wage Orders. Additionally, due to Defendant's unlawful rounding policy/practices,

23   Plaintiff and other non-exempt employees were not properly paid at the correct overtime rate for

24   hours worked in excess of eight hours per shift in violation of Labor Code § 510.

25       22.    Labor Code § 1197.1 authorizes employees who are paid less than the minimum fixed

26   by an applicable state or local law or by an order of the commission a civil penalty, restitution of

27   wages, and liquidated damages as follows: (1) for any initial violation that is intentionally committed,

28   one hundred dollars ($100) for each underpaid employee for each pay period for which the employee

**CLASS ACTION COMPLAINT**

1   is underpaid...[and] (2) [f]or each subsequent violation for the same specific offense, two hundred

2   fifty dollars ($250) for each underpaid employee for each pay period for which the employee is

3   underpaid regardless of whether the initial violation was intentionally committed.

4         23.      Labor Code § 510 requires an employer to compensate an employee who works more

5   than eight (8) hours in one workday, forty (40) hours in a workweek, and for the first eight (8) hours

6   worked on the seventh consecutive day, no less than one and one-half times (1½) the regular rate of

7   pay. In addition, Labor Code § 510 obligates employers to compensate employees at no less than

8   twice the regular rate of pay when an employee works more than twelve (12) hours in a workday or

9   more than eight (8) hours on the seventh consecutive day of work. Pursuant to Section 3 of the

10  applicable Wage Orders, non-exempt employees shall not be employed more than eight (8) hours in

11  any workday or more than 40 hours in any workweek unless the employee receives one and one-half

12  (1½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.

13        24.      Furthermore, at all relevant times, Plaintiff and other non-exempt employees worked

14  regular shifts that lasted longer than 8.0 hours in a workday and resulted in non-exempt employees

15  regularly working more than 40 hours in a workweek. However, Defendant failed to properly

16  calculate and pay overtime wages at the proper legal rate due to Defendant's uniform failure to

17  include all forms of compensation/remuneration, including, but not limited to, commissions,

18  incentives, non-discretionary bonuses, and all other forms of remuneration in calculating the "regular

19  rate of pay" for purposes of overtime compensation.

20        25.      Under the California Labor Code (as well as the FLSA), courts have consistently held

21  that regularly paid non-discretionary bonuses (and other forms of pay) must be included in

22  determining an employee's "regular rate of pay" for purposes of calculating overtime. (See *Haber v.*

23  *The Americana Corp.* 378 F. 2d 854, 855-856 (9th Cir. 1967) [holding that regularly paid efficiency

24  bonuses must be included in calculating the "regular rate"]; *Wang v. Chinese Daily News*, Inc. 435 F.

25  Supp. 2d 1042, 1055-1057 (C.D. Cal. 2006) [granting summary judgment to Plaintiff under California

26  and federal law on the grounds, that Defendant improperly calculated overtime by excluding annual

27  bonuses paid to employees from the "regular rate of compensation"]; see *Walling v. Youngerman-*

28  *Reynolds Hardwood Co.* (1945) 65 S.Ct. 1242, 1245. ("The regular rate by its very nature must reflect

**CLASS ACTION COMPLAINT**

1   all payments which the parties have agreed shall be received regularly during the workweek,

2   exclusive of overtime payments. It is not an arbitrary label chosen by the parties but an actual fact.

3   Once the parties have decided upon the amount of wages and the mode of payment, the determination

4   of the regular rate becomes a matter of mathematical computation, the result of which is unaffected

5   by any designation of a contrary 'regular rate' in the contracts."); see also 29 CFR §§ 778.110

6   ("production bonus") and 778.111 ("piece-rate").

7        26.     By their policy of requiring Plaintiff and the other non-exempt employees to work in

8   excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensating

9   them at the lawful rate of one-half (1 1/2) their "regular rate of pay," Defendant willfully violated the

10  provisions of Labor Code § 510 and the applicable Wage Orders.

11       27.     Similarly, at all relevant times, Defendant also failed in its obligation to provide

12  Plaintiff and other aggrieved employees the legally required paid sick days at the legal rate pursuant

13  to Labor Code §§ 246(a),(b), which requires that "[a]n employee who, on or after July 1, 2015, works

14  in California for the same employer for 30 or more days within a year from the commencement of

15  employment is entitled to paid sick days. . . at the rate of not less than one hour per every 30 hours

16  worked, beginning at the commencement of employment." Labor Code § 246(l)(1) provides that paid

17  sick time for non-exempt employees must be "calculated in the same manner as the regular rate of

18  pay for the workweek in which the employee uses paid sick time, whether or not the employee

19  actually works overtime in that workweek."

20       28.     Additionally, Labor Code § 246(l)(2) states that the paid sick time must be "calculated

21  by dividing the employee's total wages, not including overtime premium pay, by the employee's total

22  hours worked in the full pay periods of the prior 90 days of employment." Finally, Labor Code §246(i)

23  requires employers to "provide an employee with written notice that sets forth the amount of paid

24  sick leave available, or paid time off leave an employer provides in lieu of sick leave, for use on either

25  the employee's itemized wage statement described in Section 226 or in a separate writing provided

26  on the designated pay date with the employee's payment of wages."

27       29.     Here, at all relevant times, Defendant failed in its obligation to provide Plaintiff and

28  other aggrieved employees the legally required paid sick days at the appropriate "regular rate of pay,"

**CLASS ACTION COMPLAINT**

including all forms of compensation, pursuant to Labor Code §§ 246(a), (b). As such, Defendant paid sick time below his base rate of pay rather than the "regular rate of pay" as required by Labor Code §§ 246(l) (1-2).

30.     Moreover, at all relevant times, Plaintiff and other non-exempt employees were denied compliant and timely 30-minute off-duty meal periods as mandated by California law. Due to Defendant's uniform meal period policies/practices, operational requirements, staffing shortages, and work demands, Plaintiff and other non-exempt employees often could not take timely and uninterrupted net 30-minute first meal periods before the end of the fifth hour of work. Further, when Plaintiff and other non-exempt employees worked more than 10.0 hours in a shift, they were not allowed and permitted to take a mandated second meal period before the end of the tenth hour of work in violation of the Labor Code and applicable Wage Orders. Indeed, Plaintiff's and other non-exempt employees' meal periods were often interrupted and/or lasted fewer than 30 minutes due to Defendant's meal period policies/procedures, operational requirements, staffing shortages, and work demands.

31.     In addition, for each missed or non-compliant meal period, Defendant failed and continues to fail to maintain a mechanism by which non-exempt employees were paid meal period premiums at the "regular rate of pay" pursuant to *Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 5th 858 and Labor Code § 226.7.

32.     Accordingly, due to Defendant's uniform meal period practices, non-exempt employees were also regularly denied legally compliant meal periods in violation of Labor Code §§ 226.7, 510, 516, and applicable Wage Orders.

33.     Next, at all relevant times, Plaintiff and other non-exempt employees were not provided with all 10-minute rest periods for every four hours worked, or a major fraction thereof, due to Defendant's uniform rest period policies/practices, operational requirements, staffing shortages, and work demands. As a result, Plaintiff and other non-exempt employees were and are often unable to take a net 10-minute duty-free rest period for every major fraction of four hours worked. This includes a second rest period for shifts in excess of six hours and a third rest period for shifts in excess of 10.0 hours in a workday.

**CLASS ACTION COMPLAINT**

34.     By not relieving all non-exempt employees of all duties during rest periods, Defendant failed to provide legally compliant rest periods. See *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal. 5th 257, 269 [concluding that "during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time."] (Emphasis added). In *Augustus*, the California Supreme Court expressly rejected the employer's assertion that it could provide an on-duty rest period to employees who worked as security guards and further explained: "that employers [must] relinquish any control over how employees spend their break time and relieve their employees of all duties." *Id*. at 273. Each time non-exempt employees were unable to take a compliant rest period, Defendant failed and continues to fail to adequately pay rest period premium payments at the "regular rate of pay" as required by Labor Code § 226.7.

35.     Accordingly, due to Defendant's uniform rest period policies/practices, staffing issues, and work demands, non-exempt employees were regularly denied legally compliant rest breaks in violation of Labor Code §§ 226.7, 512, and applicable Wage Orders.

36.     As a result of Defendant's failure to pay Plaintiff and other non-exempt employees for all hours they were subject to the control of Defendant, including all minimum, overtime, and sick pay wages,  Defendant's failure to adequately pay for all overtime and sick pay wages at the appropriate legal rate, and Defendant's failure to pay all meal and rest period premiums at the "regular rate of pay," Defendant issued wage statements which failed to identify the gross wages earned accurately, the total hours worked, the net wages earned, and the correct corresponding number of hours worked at each hourly rate, in violation of Labor Code § 226(a)(1, 2, 5, and 9).

37.     Labor Code § 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226."

38.     Thus, for the violations of Labor Code section 226 described above, Plaintiff and other non-exempt employees may also recover Labor Code § 226.3 penalties for Defendant's violations of Labor Code § 226(a). Consequently, because Defendant failed to comply with Labor Code § 226(a),

**CLASS ACTION COMPLAINT**

1  Plaintiff and other non-exempt employees would be entitled to recover penalties under Labor Code §
2  226(e).

3       39.     Moreover, because Defendant failed to pay all minimum, overtime, sick pay wages,
4  and meal and rest period premiums at the "regular rate of pay," Defendant also failed and continues
5  to fail to pay Plaintiff and other non-exempt employees all wages owed at their time of separation
6  from employment in violation of Labor Code §§ 201-203. Thus, non-exempt employees would be
7  entitled to recover waiting time penalties under Labor Code §§ 201-203.

8       40.     Finally, at all relevant times, Defendant required Plaintiff and other non-exempt
9  employees to incur necessary business expenses for work-related purposes but did not reimburse non-
10 exempt employees adequately for these necessary expenditures in violation of Labor Code §§ 2802-
11 2804. Here, Defendant uniformly failed to reimburse non-exempt employees for all necessary costs
12 incurred in discharging their duties for those non-exempt employees. Accordingly, due to
13 Defendant's uniform failure to adequately reimburse for necessary business expenditures in violation
14 of Labor Code §§ 2802-2804 and applicable Wage Orders.

15                            **CLASS ACTION ALLEGATIONS**

16      41.     Plaintiff brings this action on behalf of herself and the following Classes pursuant to §
17 382 of the Code of Civil Procedure:

18              All current or former non-exempt hourly employees who work or worked
                for Defendant in California during the four years immediately preceding the
19              filing of the Complaint through the date of trial. (the "Class");

20              All current or former non-exempt employees who worked for Defendant in
21              California and worked overtime hours during at least one shift during the
                four years immediately preceding the filing of the Complaint through the
22              date of trial. ("the Overtime Subclass");

23              All current or former employees who work or worked for Defendant in
24              California during the one year immediately preceding the filing of the
                Complaint through the date of trial. ("the Wage Statement Subclass")

25              All employees who work or worked for Defendant in California and who
26              left their employment during the three years immediately preceding the
                filing of the Complaint through the date of trial. ("Waiting Time Penalty
27              Subclass")

28

                            **CLASS ACTION COMPLAINT**

(collectively "the Classes")

42.    **Numerosity/Ascertainability**: The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the Classes is unknown to Plaintiff at this time; however, it is estimated that the Classes consist of at least one hundred (100) individuals. The identity of such membership is readily ascertainable via inspection of Defendant's employment and payroll records.

43.    **Common Questions of Law and Fact Predominate/Well-Defined Community of Interest**: There are common questions of law and fact as to Plaintiff and all other similarly situated non-exempt employees, which predominate over questions affecting only individual members including, without limitation to:

1.    Whether Defendant's rounding policy/practices failed to record and pay for all hours worked by Class Members;

2.    Whether Defendant failed to properly calculate the "regular rate of pay" for purposes of paying overtime and sick wages to the members of the Class;

3.    Whether Defendant provided legally compliant meal and rest periods or proper compensation at the "regular rate of pay" in lieu thereof to members of the Class;

4.    Whether Defendant furnished legally compliant wage statements to members of the Wage Statement Subclass pursuant to Labor Code § 226(a);

5.    Whether the timing and amount of payment of final wages to members of the Waiting Time Penalty Subclass at the time of separation from employment were unlawful; and

6.    Whether Defendant failed to reimburse Class Members for all necessary business expenses in violation of Labor Code §§ 2802-2804.

44.    **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendant's policies and/or practices applicable to each individual class member, such as without limitation, Defendant's failure to pay for all hours worked, Defendant's failure to properly pay overtime and sick pay wages, Defendant's failure to provide all compliant meal and rest periods or premiums at the "regular rate of

**CLASS ACTION COMPLAINT**

pay" in lieu thereof, Defendant's failure to provide accurate itemized wage statements, Defendant's failure to reimburse for all necessary business expenses, and Defendant's failure to pay for all wages due upon separation of employment. As such, the common questions predominate over individual questions concerning each class member's showing as to his or her eligibility for recovery or the amount of his or her damages.

45. **Typicality**: The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendant as a non-exempt employee in California during the statute(s) of limitation applicable to each cause of action pled in the Complaint in this action. As alleged herein, Plaintiff, like the members of the Classes, was deprived of minimum, overtime and sick pay wages, was deprived of meal and rest period premium wages, was subject to Defendant's uniform meal and rest period policies/practices, was not provided accurate itemized wage statements, was not reimbursed for all necessary business expenses, and was not timely paid all wages owed upon separation of employment.

46. **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the members of the Classes. Plaintiff's attorneys have prosecuted and are actively litigating several wage-and-hour class actions in state and federal courts and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

47. **Superiority**: The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage since they could exploit and overwhelm the limited

1    resources of each individual plaintiff with their vastly superior financial and legal resources.

2        48.    Moreover, requiring each member of the Classes to pursue an individual remedy would

3    also discourage the assertion of lawful claims by employees who would be disinclined to file an action

4    against their former and/or current employer for real and justifiable fear of retaliation and permanent

5    damages to their careers at subsequent employment. Further, the prosecution of separate actions by

6    the individual class members, even if possible, would create a substantial risk of inconsistent or

7    varying verdicts or adjudications with respect to the individual class members against Defendant

8    herein and which would establish potentially incompatible standards of conduct for Defendant; and/or

9    legal determinations with respect to individual class members which would, as a practical matter, be

10   dispositive of the interest of the other class members not parties to adjudications or which would

11   substantially impair or impede the ability of the class members to protect their interests. Further, the

12   claims of the individual members of the class need to be sufficiently large to warrant vigorous

13   individual prosecution, considering all of the concomitant costs and expenses attending thereto. As

14   such, the Classes identified in Paragraph 41 are maintainable as Classes under § 382 of the Code of

15   Civil Procedure.

16                              **FIRST CAUSE OF ACTION**

17                             **MINIMUM WAGE VIOLATIONS**

18                              **(AGAINST ALL DEFENDANTS)**

19       49.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

20       50.    Section 4 of the applicable Wage Order(s) and Labor Code §§ 1197 and 1182.12

21   establish the right of employees to be paid minimum wages for all hours worked, in amounts set by

22   state law. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the

23   legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance together

24   with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid

25   wages and interest accrued thereon.

26       51.    At all relevant times herein, Defendant failed to accurately record and pay all time

27   worked, including all time which non-exempt employees were subject to the control of Defendant.

28   This includes but is not limited to the Defendant's uniform and unlawful rounding and/or time editing

13

**CLASS ACTION COMPLAINT**

1  policy/practice, which resulted in these individuals not being paid for all hours they actually suffered

2  or permitted to work. Accordingly, Plaintiff and members of the Classes were not compensated for

3  all hours worked, including all hours they were subject to the control of Defendant and/or suffered or

4  permitted to work under the Labor Code and applicable Wage Orders.

5       52.    Labor Code § 1198 makes an employee's employment unlawful under conditions that

6  the Industrial Welfare Commission prohibits. Labor Code §§ 1194(a) and 1194.2(a) provide that an

7  employer who has failed to pay its employees the legal minimum wage is liable to pay those

8  employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount equal

9  to the wages due and interest thereon.

10       53.    As a direct and proximate result of Defendant's unlawful conduct as alleged herein,

11  Plaintiff and the Classes have sustained economic damages, including but not limited to unpaid wages

12  and lost interest, in an amount to be established at trial, and they are entitled to recover economic and

13  statutory damages and penalties and other appropriate relief as a result of Defendant's violations of

14  the Labor Code and applicable Wage Orders.

15       54.    Defendant's practice and uniform administration of corporate policy regarding illegal

16  employee compensation is unlawful and creates an entitlement to recovery by Plaintiff and members

17  of the Classes in a civil action for the unpaid amount of minimum wages, liquidated damages,

18  including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor

19  Code §§ 204, 558, 1194 *et seq*., 1197, 1198, and Code of Civil Procedure § 1021.5.

20  <u>**SECOND CAUSE OF ACTION**</u>

21  **FAILURE TO PAY ALL OVERTIME WAGES**

22  **(AGAINST ALL DEFENDANTS)**

23       55.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

24       56.    This cause of action is brought pursuant to Labor Code §§ 204, 210, 510, 558, 1194,

25  and 1198, which provide that non-exempt employees are entitled to overtime wages for all overtime

26  hours worked and provide a private right of action for the failure to pay all overtime compensation

27  for overtime work performed.

28  / / /

57.     At all times relevant herein, Defendant was required to properly pay Plaintiff and members of the Overtime Subclass for all overtime hours worked pursuant to California Labor Code § 1194 and the applicable Wage Orders.

58.     Section 3 of the applicable Wage Order requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of 8 hours per workday and/or in excess of 40 hours of work in the workweek. The same section also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of twelve hours each workday and/or for work in excess of 8 hours on the seventh consecutive day of work in the workweek. Defendant caused Plaintiff to work overtime and hours but did not compensate Plaintiff or members of the Overtime Subclass at one and one-half times their "regular rate of pay" for such hours.

59.     Defendant failed to conform their pay practices to the requirements of the law. At all relevant times herein, Defendant failed to conform their pay practices to the requirements of the law. This unlawful conduct includes but is not limited to, Defendant's time rounding policy/practice, and Defendant's failure to include all forms of compensation, including, but not limited to, non-discretionary bonuses and other incentive pay in calculating the "regular rate of pay," which resulted in these individuals not being paid for all overtime hours worked.

60.     The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiff and the members of the Overtime Subclass in a civil action for the unpaid amount of overtime wages, including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor Code §§ 204, 210, 510, 1194, and 1198, the applicable Wage Orders, and Code of Civil Procedure § 1021.5.

### THIRD CAUSE OF ACTION

### MEAL PERIOD VIOLATIONS

### (AGAINST ALL DEFENDANTS)

61.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

62.     Plaintiff is informed and believes, and based thereon alleges, that Defendant failed in their affirmative obligation to provide all of their hourly non-exempt employees, including Plaintiff

15

1  and members of the Class, with all required meal periods in accordance with the mandates of the
2  California Labor Code and applicable Wage Orders, for the reasons set forth in the Common
3  Allegations section of this Complaint.

4       63.    Despite Defendant's violations, Defendant has not paid an additional hour of pay at
5  the "regular rate of pay" to Plaintiff and Class members at their respective regular rates of pay for
6  each violation, per California Labor Code § 226.7.

7       64.    As a result, Defendant is responsible for paying premium compensation for meal
8  period violations, including interest thereon, statutory penalties, and costs of suit pursuant to the
9  applicable Wage Orders, Labor Code §§ 226.7, 512, and Civil Code §§ 3287(b) and 3289.

10                    **FOURTH CAUSE OF ACTION**
11                    **REST PERIOD VIOLATIONS**
12                    **(AGAINST ALL DEFENDANTS)**

13      65.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

14      66.    Section 12 of the applicable Wage Orders and Labor Code §§ 226.7 and 516 establish
15  the right of non-exempt employees to be provided with a rest period of at least ten (10) minutes for
16  each four (4) hour period worked, or major fraction thereof.

17      67.    Due to their unlawful rest period policy/practices and operational requirements/work
18  demands, Defendant did not authorize and permit Plaintiff and Class members to take all rest periods
19  to which they were legally entitled.

20      68.    Despite Defendant's violations, Defendant has not paid an additional hour of pay at
21  the "regular rate of pay" to Plaintiff and Class members at their respective regular rates of pay for
22  each violation, per California Labor Code § 226.7.

23      69.    The foregoing violations create an entitlement to recovery by Plaintiff and members
24  of the Class in a civil action for the unpaid amount of rest period premiums owing, including interest
25  thereon, statutory penalties, and costs of suit pursuant to the applicable Wage Orders, Labor Code §§
26  226.7 and 516, and Civil Code §§ 3287(b) and 3289.

27  / / /
28  / / /

**CLASS ACTION COMPLAINT**

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY ALL SICK TIME**

**(AGAINST ALL DEFENDANTS)**

70.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

71.     This cause of action is brought pursuant to Labor Code §§ 246, 558, 1194.2, 1197.1, 1198, and 1199 which provide that "[a]n employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days. . . at the rate of not less than one hour per every 30 hours worked, beginning at the commencement of employment."

72.     At all times relevant herein, Defendant was required to properly pay Plaintiff and Class members for all sick time pursuant to California Labor Code § 246 and the applicable Wage Orders.

73.     Labor Code § 246(l)(1) provides that paid sick time for non-exempt employees must be "calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek." Additionally, Labor Code § 246(l)(2) states that the paid sick time must be "calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment." Finally, Labor Code §246(i) requires employers to "provide an employee with written notice that sets forth the amount of paid sick leave available, or paid time off leave an employer provides in lieu of sick leave, for use on either the employee's itemized wage statement described in Section 226 or in a separate writing provided on the designated pay date with the employee's payment of wages."

74.     Defendant failed in their obligation to provide Plaintiff and the Class the legally required paid sick days at the legal rate pursuant to Labor Code §§ 246(a),(b). Plaintiff and the Class members were not paid at the correct "regular rate of pay."

75.     The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiff and the members of the Class in a civil action for the unpaid amount of wages, including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor Code §§ 246 1192, 1194 *et seq*., 1197, 1198, the applicable Wage Orders, and Code of Civil Procedure § 1021.5.

17

**<u>SIXTH CAUSE OF ACTION</u>**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

**(AGAINST ALL DEFENDANTS)**

76.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

77.     Labor Code 226(a) states in pertinent part the following:

> "(a) An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

78.     As set forth above, during the Class Period, Defendant issued and continues to issue wage statements to its employees, including Plaintiff and members of the Wage Statement Subclass, which are inadequate under Labor Code Section § 226(a).

79.     As a result of Defendant's failure to pay Plaintiff and the Wage Statement Subclass for all minimum, overtime, sick pay wages, and missed meal and rest period premiums at the appropriate legal rate, Defendant failed to include required information on Plaintiff and the Wage Statement Subclass' wage statements, including, but not limited to, the gross wages earned, the net wages earned in violation of Labor Code section 226(a).

80.     Defendant's failure to comply with section 226(a) of the Labor Code was knowing and intentional.

81.     As a result of Defendant's issuance of inaccurate itemized wage statements to Plaintiff and members of the Wage Statement Subclass in violation of section 226(a) of the California Labor Code, Plaintiff and members of the Wage Statement Subclass are each entitled to recover an initial

**CLASS ACTION COMPLAINT**

penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per Plaintiff and per every member of the Wage Statement Subclass from Defendant's pursuant to section 226(e) of the Labor Code, costs and reasonable attorneys' fees.

## SEVENTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### (AGAINST ALL DEFENDANTS)

82.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

83.     The actionable period for this cause of action is three years before the filing of this Complaint through the present and ongoing until the violation is corrected or the class is certified.

84.     Labor Code §§ 201 and 202 require Defendant to pay all compensation due and owing to Plaintiff and the Waiting Time Subclass during the actionable period for this cause of action at or around the time their employment is or was terminated or ended.

85.     Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Labor Code sections 201 and 202, the employer is liable for penalties for continued compensation up to thirty (30) workdays.

86.     Defendant willfully failed to pay the Waiting Time Subclass for all hours worked, including all minimum, overtime, and sick pay wages, and their meal and rest period premiums at the "regular rate of pay" before or upon termination or separation from employment with Defendant as required by Labor Code §§ 201 and 202.

87.     As a result, Defendant is liable to the Waiting Time Subclass for waiting time penalties amounting to thirty (30) days wages for Plaintiff and the Waiting Time Subclass pursuant to Labor Code § 203. *See,* e.g., DLSE Manual, 4.3.4 (Failure to pay any wages due upon termination entitles an employee to recover waiting time penalties).

## EIGHT CAUSE OF ACTION

### FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENDITURES

### (AGAINST ALL DEFENDANTS)

88.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

/ / /

**CLASS ACTION COMPLAINT**

89.     Labor Code 2802(a) states in pertinent part the following: "(a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

90.     As set forth above, Plaintiff and Class members must be compensated for all necessary business expenditures, including, but not limited to, a reasonable portion of their monthly personal cell phone bills incurred in the discharge of their duties. (See *Cochran v. Schwan's Home Service, Inc.* (2014) 228 Cal.App.4th 1137 ("We hold that when employees must use their personal cell phones for work-related calls, Labor Code section 2802 requires the employer to reimburse them. Whether the employees have cell phone plans with unlimited minutes or limited minutes, the reimbursement owed is a reasonable percentage of their cell phone bills.").

91.     At all relevant times, Defendant has failed to comply with Labor Code Section 2802 and the applicable Wage Orders by failing to reimburse Plaintiff and the Class for all necessary business expenditures.

### NINTH CAUSE OF ACTION

**UNFAIR COMPETITION**

**(AGAINST ALL DEFENDANTS)**

92.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

93.     Defendant has engaged and continues to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 *et seq.*, by failing to pay for all hours worked, by failing to pay all overtime and sick pay wages at the proper legal rate, by failing to provide all legally required meal and rest periods or pay premium payments at the "regular rate of pay" in lieu thereof, by failing to provide accurate wage statements, by failing to reimburse for all necessary business expenses adequately, and by failing to pay all earned wages at the time of separation from employment.

94.     Defendant's utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the Classes of compensation to which they are legally

**CLASS ACTION COMPLAINT**

1  entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over

2  Defendant's competitors who have been and/or are currently employing workers and attempting to

3  do so in honest compliance with applicable wage and hour laws.

4        95.    Because Plaintiff is a victim of Defendant's unfair and/or unlawful conduct alleged

5  herein, Plaintiff, for herself and on behalf of the members of the Classes, seeks full restitution of

6  monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or

7  converted by Defendant pursuant to Business and Professions Code §§ 17203 and 17208.

8        96.    The acts complained of herein occurred within the last four years immediately

9  preceding the filing of the Complaint.

10        97.    Plaintiff was compelled to retain the services of counsel to file this court action to

11  protect her interests and those of the Classes, to obtain restitution and injunctive relief on behalf of

12  Defendant's current hourly non-exempt employees, and to enforce important rights affecting the

13  public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which

14  she is entitled to recover under Code of Civil Procedure § 1021.5.

15                                        **PRAYER FOR RELIEF**

16        **WHEREFORE**, Plaintiff prays for judgment for herself and all others on whose behalf this

17  suit is brought against Defendant, as follows:

18        1.    For an order certifying the proposed Classes;

19        2.    For an order appointing Plaintiff as representative of the Classes;

20        3.    For an order appointing Counsel for Plaintiff as Counsel for the Classes;

21        4.    Upon the First and Second Cause of Action for compensatory, consequential,

22  general, and special damages according to proof pursuant to Labor Code §§ 204, 210, 510, 1194,

23  1197, 1197.1, and 1198 and reasonable attorneys' fees and costs;

24        5.    Upon the Third Cause of Action, for compensatory, consequential, general, and

25  special damages according to proof pursuant to Labor Code §§ 204, 210, 510, 1194, 1197, and 1198

26  and reasonable attorneys' fees and costs;

27        6.    Upon the Third Cause of Action, for compensatory, consequential, general, and

28  special damages according to proof pursuant to Labor Code §§ 226.7 and 512;

**CLASS ACTION COMPLAINT**

7.      Upon the Fourth Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 226.7 and 516;

8.      Upon the Fifth Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 246, 558, 1194.2, 1198, and 1199;

9.      Upon the Sixth Cause of Action, penalties pursuant to Labor Code § 226(a), and reasonable costs and attorney's fees;

10.     Upon the Seventh Cause of Action, for statutory waiting time penalties pursuant to Labor Code §§ 201-203;

11.     Upon the Eighth Cause of Action, for unreimbursed expenses, interest, and attorney's fees and costs pursuant to Labor Code § 2802;

12.     Upon the Ninth Cause of Action, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendant by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq*.;

13.     Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

14.     On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 218.5, 226, 1194, Code of Civil Procedure § 1021.5; and

15.     For such other relief that the Court may deem just and proper.

Dated:   May 14, 2024                           **FALAKSSA LAW, P.C.**
                                                **BOKHOUR LAW GROUP, P.C.**


By:   _____
      Joshua Falakassa, Esq.
      Mehrdad Bokhour, Esq.
      Attorneys for Plaintiff and the Putative Classes

**CLASS ACTION COMPLAINT**

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>Mehrdad Bokhour, Esq. (SBN 285256)<br>BOKHOUR LAW GROUP, P.C.<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, CA 90067<br><br>*Telephone No:* 310-975-1493<br><br>*Attorney For:* Plaintiff | *For Court Use Only*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**05/17/2024** at 11:41:00 AM<br><br>Clerk of the Superior Court<br>By E- Filing,Deputy Clerk |

| *Ref. No. or File No.:*<br>Pembrick v Loyal Source |
|---|

*Insert name of Court, and Judicial District and Branch Court:*
SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO

*Plaintiff:* MONIQUE PEMBRICK, on behalf of herself and all others similarly situated

*Defendant:* LOYAL SOURCE GOVERNMENT SERVICES, LLC., a Florida Limited Liability

| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>37-2024-00022267-CU-OE-CTL |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Alternative Dispute Resolution (ADR) Information; Stipulation To Use Alternative Dispute Resolution (ADR); Notice of Case Assignment and Case Management Conference (Civil)

3. *a.* *Party served:*    LOYAL SOURCE GOVERNMENT SERVICES, LLC., a Florida Limited Liability
   *b.* *Person served:*   Jeff Kurtz, Authorized to Accept for Registered Agent Solutions, Inc., Agent for Service of Process

4. *Address where the party was served:*   720 14th Street, Sacramento, CA 95814

5. *I served the party:*
   a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* Thu, May 16, 2024 (2) at *(time):* 09:44 AM

   (1)  [X]  **(business)**
   (2)  [ ]  **(home)**
   (3)  [ ]  **(other)** :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  [ ]  as an individual defendant.
   b.  [ ]  as the person sued under the fictitious name of *(specify):*
   c.  [ ]  as occupant.
   d.  [X]  On behalf of *(specify):*   LOYAL SOURCE GOVERNMENT SERVICES, LLC., a Florida Limited Liability
        under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | [ ] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
   | [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
   | [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
   | [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
   | [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
   | [X] other:   Limited Liability | |



| | | |
|---|---|---|
| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | **PROOF OF SERVICE SUMMONS** | *11058066*<br>*(5733283)*<br>Page 1 of 2 |

| | | |
|---|---|---|
| *Plaintiff:* | MONIQUE PEMBRICK, on behalf of herself and all others similarly situated | *Case Number:*<br>37-2024-00022267-CU-OE-CTL |
| *Defendant:* | LOYAL SOURCE GOVERNMENT SERVICES, LLC., a Florida Limited Liability | |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7.  **Person who served papers**
    a.  Name:           Michael Morris
    b.  Address:        **FIRST LEGAL**
                         1517 W. Beverly Blvd.
                         LOS ANGELES, CA 90026
    c.  Telephone number:    (213) 250-1111
    d.  **The fee** for service was:  $91.00
    e.  I am:
        (1)  ☐  not a registered California process server.
        (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
        (3)  ☒  a registered California process server:
            (i)    ☐ owner    ☐ employee  ☒ independent contractor
            (ii)   Registration No:   2012-33
            (iii)  County:  Sacramento

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

            05/17/2024
            *(Date)*                            Michael Morris

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*11058066
(5733283)*
**Page 2 of 2**